IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH



| | |
|---|---|
| **THE NECK HAMMOCK, INC.**, a Delaware corporation,<br><br>Plaintiff,<br><br>vs.<br><br>**DURABLEPRO**, an unknown business entity; **BF LLC**, and unknown business entity; and **JOHN DOES 1-10**, doing business as "DurablePro,"<br><br>Defendants. | **[FILED UNDER SEAL]**<br>**ORDER CONVERTING TEMPORARY RESTRAINING ORDER TO A PRELIMINARY INJUNCTION**<br><br>Case No: 2:19-cv-983<br><br>Judge Clark Waddoups |

This matter came before the Court on January 3, 2020 on an Order to Show Cause (ECF No. 11, at p.18) why this Court should not enter a Preliminary Injunction enjoining the violations of law alleged in Plaintiff's Complaint and continuing to freeze assets pending final adjudication of the Complaint filed in this matter. Having considered and granted Plaintiff's *Ex Parte* Motion for a Temporary Restraining Order (TRO, ECF No. 11) and further considered and granted Plaintiff's Supplemental *Ex Parte* Motion for a Temporary Restraining Order (Supplemental TRO, ECF No. 17), and considered the arguments of counsel at the hearing of this matter, the Court makes the following findings of fact and conclusions of law:

## FINDINGS AND CONCLUSIONS

1. On December 20, 2019, the Court found that Plaintiff demonstrated a likelihood of success on the merits of its claims for its trademark infringement and false advertising claims against Defendants. (ECF No. 11 at ¶¶ 1-16).

2.     The Court further found that Plaintiff demonstrated a likelihood of irreparable harm by establishing Defendants' blatant copying and use of NH's registered trademarks, their copying of NH images and advertising copy, their misrepresentations that goods depicted on the DurablePro website are its own devices when they are not, and the shipment of inferior products. Such conduct is likely to cause confusion or deceive as to the origin and qualities of the Counterfeit Product and is causing and will continue to cause irreparable harm to NH.  (ECF No. 11 at ¶¶ 17-32).

3.     The Court further found that Plaintiff established that the balance of harms tips sharply in its favor (ECF No. 11 at ¶¶ 33-34) and that its proposed Temporary Restraining Order is in the public interest.  (ECF No. 11 at ¶¶ 35-36).  The Court concluded that an asset freeze was warranted under all the circumstances, because Defendants were likely to dissipate any assets in its accounts if they are provided with advance notice of the TRO.  (ECF No. 11 at ¶¶ 37-42).

4.     No evidence was presented at the hearing on January 3, 2020 rebutting the findings of fact and conclusions of law in the Court's December 20, 2019 Order (ECF No. 11) and the Court's December 30, 2019 Order (ECF No. 17).  Those findings and conclusions are still valid. . The Court incorporates the findings of fact and conclusions of law from the Court's December 20, 2019 Order Granting Plaintiff's *Ex Parte* Motion for a Temporary Restraining Order, Temporary Injunction, and Asset Freeze (ECF No. 11 at ¶¶ 1–48), together with the findings of fact and conclusions of law from the Court's December 30, 2019 Order Granting Plaintiff's Supplemental *Ex Parte* Motion for a Temporary Restraining Order and Asset Freeze (ECF No. 17 at ¶¶ 1 -5).

## PRELIMINARY INJUNCTION

Having made the foregoing findings, and with no cause having been shown why the Court should not enter a Preliminary Injunction enjoining the violations of law alleged in Plaintiff's

Complaint and continuing to freeze assets pending final adjudication of the Complaint filed in this matter, the Court hereby enters the following preliminary injunction:

(1) Defendants DurablePro and BF™ LLC, and third party Shopify, and their agents, servants, employees, attorneys-in-fact, web hosting providers, domain name registrars, and persons in active concert or participation with them who receive actual notice of this Order, are hereby enjoined from:

    i. using the phrases "Neck Hammock," "the Neck Hammock" and any confusingly similar phrase or combination of words in connection with the sale, offer for sale, promotion, marketing, or advertisement of the Counterfeit Product and any colorable imitation thereof;

    ii. using any images, advertising copy, or other marketing materials found on any Neck Hammock website or listing to advertise, market, sell, offer for sale or promote the Counterfeit Product and any colorable imitation thereof;

    iii. using any images depicting a genuine NH product or fitness model using a NH product to advertise, market, sell, offer for sale or promote the Counterfeit Product and any colorable imitation thereof.

(2) Defendants' payment processor PayPal and its agents, servants, employees, attorneys-in-fact, and those persons in active concert or participation with them who receive actual notice of this Order, shall hold and retain within their control, and otherwise prevent any disposition, transfer, pledge, encumbrance, assignment, dissipation, concealment, or other disposal whatsoever of any assets associated with or related to PayPal Account No. 18571366015751155515 and any other PayPal accounts associated with DurablePro, BF™ LLC, and the email addresses contact@durablepro.com, pay@dfcollect.com, billing.gamechanger@gmail.com, and

j.feliciano213@yahoo.com.

(3) Defendants' payment processor Google, and its agents, servants, employees, attorneys-in-fact, and those persons in active concert or participation with them who receive actual notice of this Order, shall hold and retain within their control, and otherwise prevent any disposition, transfer, pledge, encumbrance, assignment, dissipation, concealment, or other disposal whatsoever of any assets or accounts associated with or related to DurablePro, BF, LLC, and the email addresses contact@durablepro.com, pay@dfcollect.com, billing.gamechanger@gmail.com, and j.feliciano213@yahoo.com, and the tracking URL: https://www.googleadservices.com/pagead/aclk?sa=L&ai=DChcSEwj5yJTZjM3mAhWPyGQKHfgYCV8YABADGgJwag&ohost=www.google.com&cid=CAESQeD2MfvXk_v3yyjiNO77P2fuqUT5jlSB2l5vewy6XiWggqBBG2c1LbJyfLrTQwScdM2A12yzSr0yNZq7Q1mMH5V&sig=AOD64_2DLyOHacOHu9TDpo2JjXwwTqV2w&q&adurl&ved=2ahUKEwiv2I3ZjM3mAhWcFTQIHZL-CrwQ0Qx6BAgQEAE.

(4) Defendants' financial institution Bank of America and its agents, servants, employees, attorneys-in-fact, and those persons in active concert or participation with them who receive actual notice of this Order, shall hold and retain within their control, and otherwise prevent any disposition, transfer, pledge, encumbrance, assignment, dissipation, concealment, or other disposal whatsoever of any assets or accounts related to Bank of America Account No. 3250 8583 8820 (the "BoA Account").

(5) NH is not required to post a bond as a condition for this preliminary injunction, because no evidence shows a likelihood of harm to Defendants.

(6) NH shall serve certified copies of this preliminary injunction as follows:

    a. Shopify shall be served with a copy of this injunction by email at legal@shopify.com.

      b.      Bank of America, N.A., shall be served with a copy of this injunction by fax at 980-233-7070.

      c.      PayPal shall be served with a copy of this injunction at EEOmaLegalSpecialist@paypal.com.

      d.      Google shall be served with a copy of this injunction through counsel at rspear@perkinscoie.com, jwhite@parsonsbehle.com, and mbleicher@perkinscoie.com.

      e.      Defendants shall be served with a copy of this injunction by email at contact@durablepro.com, with a copy to pay@dfcollect.com, billing.gamechanger@gmail.com, and j.feliciano213@yahoo.com.

(7)    This Preliminary Injunction is effective immediately upon entry on the docket of the Court and upon each respective party that receives notice of this Preliminary Injunction, and shall remain in effect until the final resolution of this action, absent a contrary order of the Court.

DATED this 3rd day of January, 2020.

BY THE COURT:

_____
CLARK WADDOUPS
U.S. DISTRICT JUDGE

United States District Court
for the
District of Utah
January 3, 2020

\*\*\*\*\*\*MAILING CERTIFICATE OF THE CLERK\*\*\*\*\*\*

RE:   Neck Hammock, The v. Durablepro et al
2:19-cv-00983-CW *SEALED*

Brent P. Lorimer
Brain N. Platt
WORKMAN NYDEGGER
via email

/s/Jeff Taylor
_____

Jeff Taylor, Deputy Clerk